UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Henry Bellemare

    v.                                Civil No. 18-cv-661-JL

Michelle Edmark, New Hampshire State Prison
Warden; Sgt. FNU Deniene; Cpl. FNU Provost;
and Corrections Officer FNU Colpas

## REPORT AND RECOMMENDATION

Before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1), is a complaint (Doc. No. 1), filed by Henry Bellemare, an inmate at the New Hampshire State Prison for Men ("NHSP").  A request for preliminary injunctive relief set forth in the complaint has been referred to the magistrate judge for a hearing, if necessary, and a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  See July 27, 2018 Order.

## Background

Bellemare asserts claims arising under the Eighth and Fourteenth Amendment, relating to the July 13, 2018 conduct of two transport officers, Corrections Officer Colpas and Cpl. Provost.  Bellemare alleges he reported the incidents alleged in the complaint to Lt. James Brown in person, who stated, in a same-day reply to a July 20, 2018 inmate request slip, that

Bellemare and Brown had spoken about the incident on July 15, 2018, and that Brown had since filed an incident report up the chain of command. Bellemare asserts he filed a grievance about the matter, and a copy of an incomplete grievance form, dated July 20, 2018, is attached to the complaint.

## Discussion

I.   Preliminary Review

   A.   Standard

The court conducts a preliminary review of inmate complaints. See 28 U.S.C. § 1915A(a); LR 4.3(d)(1). Disregarding any legal conclusions, the court takes as true the factual content in the pleading and inferences reasonably drawn therefrom, and considers whether plaintiff has stated a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Claims may be dismissed if, among other things, the complaint fails to state a claim upon which relief may be granted, the court lacks jurisdiction, or a defendant is immune from the relief sought. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

   B.   Exhaustion Requirement

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA requires "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 84 (2006). Claims for which administrative remedies have not been exhausted are subject to dismissal. Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

Failure to exhaust is an affirmative defense. See Ramos v. Patenaude, 640 F.3d 485, 488 (1st Cir. 2011). Dismissing an action on the basis of an affirmative defense, such as PLRA exhaustion, is permissible if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense. See Gray v. Evercore Restructuring LLC, 544 F.3d 320, 324 (1st Cir. 2008).

The DOC employs a three-level procedure for handling inmate grievances. See DOC Policy and Procedure Directive ("PPD") 1.16(III)(E); see also Hart v. Goulette, No. 16-CV-028-PB, 2018 WL 1310010, at *1, 2018 U.S. Dist. LEXIS 41878, at *3 (D.N.H. Jan. 23, 2018) (D.N.H. Jan. 23, 2018), R&R adopted in part, No. 16-CV-28-PB, 2018 U.S. Dist. LEXIS 40665, 2018 WL 1307643 (D.N.H. Mar. 13, 2018). The first step is an inmate request slip ("IRS"). PPD 1.16(IV)(A)(1); Hart, 2018 WL 1310010, at *1,

3

2018 U.S. Dist. LEXIS 41878, at *3. The second and third steps are grievances, which are subject to thirty-day deadlines. PPD 1.16(IV)(B)&(C)(1); Hart, 2018 WL 1310010, at *1, 2018 U.S. Dist. LEXIS 41878, at *3-*4. The timeframes and uses of appropriate forms are mandatory. PPD 1.16(IV)(E)&(F); Hart, 2018 WL 1310010, at *1, 2018 U.S. Dist. LEXIS 41878, at *4.

Bellemare appears to have filed a timely IRS relating to the incidents described in the complaint. He also alleges he filed a grievance. A grievance form dated July 20, 2018, is attached to the complaint. See Doc. No. 1-1, at 13. It is not clear whether that grievance was submitted to the NHSP warden or the DOC commissioner. Blank spaces on the grievance attached to the complaint indicate that no response had been received before Bellemare placed the complaint in the mail. The timeline of events alleged in the complaint and the attached incomplete grievance demonstrate that Bellemare has not exhausted his claims at all levels of the DOC grievance system. Accordingly, this action should be dismissed, without prejudice, because it was filed before Bellemare exhausted his DOC remedies.

II.  Requests for Preliminary Injunctive Relief

Bellemare seeks preliminary injunctive relief, including an order enjoining defendants from transferring him or taking any other action against him, in retaliation for his filing of

4

grievances and this case. "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). Irreparable harm and the likelihood of success weigh most heavily in the analysis. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). The burden of proof is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

Bellemare has failed to demonstrate a likelihood of success on the merits, as he has not demonstrated that he has exhausted his claims through the DOC grievance process, before he filed this action, rendering the matter subject to dismissal. Furthermore, Bellemare has not alleged any facts suggesting that he is likely to suffer irreparable harm in the absence of a preliminary injunction. Accordingly, Bellemare's request for preliminary injunctive relief should be denied.

## Conclusion

For the foregoing reasons, this action should be dismissed, without prejudice, and his requests for preliminary injunctive

relief should be denied. Any objection to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file a specific written objection to this report and recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

July 30, 2018

cc:   Henry Bellemare, pro se